UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 17-69-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GERARDO A. MEJIA-PALACIO, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Hector Salas Jr. and Gerardo Mejia-Palacio have filed motions to suppress evidence seized during a May 18, 2017 traffic stop.  [Record No. 18, 20]  The motions were referred to United States Magistrate Judge Robert E. Wier for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Wier conducted an evidentiary hearing on July 17, 2017, and thereafter issued a Recommended Disposition, concluding that this Court should deny the defendants' motions.  [Record No. 41]  Defendants Salas and Mejia-Palacio have filed objections to the Recommended Disposition.  [Record No. 45]  Having reviewed the record along with the Recommended Disposition and objections, the Court concludes that the motions to suppress should be denied.

**I.**

Hearing testimony established that the traffic stop arose from an ongoing narcotics investigation in Lexington, Kentucky.[1]  [Record No. 41, p. 3]  Lexington Police Officer Duane

---

[1] This summary of the facts is based on the Magistrate Judge's Recommended Disposition. The hearing witnesses told a "consistent and unopposed story regarding the stop and search events."  [Record No. 41, p. 3]

and Kentucky State Police Trooper Leavell were each parked near Versailles Road when they observed the defendants' vehicle (a gold Jeep Cherokee) towing a trailer with no operational brake lights. Officer Duane also noticed the vehicle change lanes in front of other traffic without signaling. *Id.* at p. 4. Duane activated his lights and pulled over the vehicle in the parking lot of the O'Reilly Auto Parts store on Versailles Road. Within 90 seconds, Trooper Leavell, accompanied by his drug dog, pulled in behind Duane. *Id.*

Officer Duane approached the vehicle and obtained the IDs of both occupants. The driver, Gerardo Mejia-Palacio, had an Arizona driver's license while the passenger, Hector Salas, had a California identification card. In a brief exchange, Duane was advised that the pair was in town to perform drywall work on their aunt's house. However, neither occupant could provide an address for the aunt and only knew that she lived "downtown." The Jeep contained no tools, save a large air compressor.

Duane spent five to seven minutes in his car checking the Jeep's registration and running the occupants' IDs. He noticed that, despite Mejia-Palacio's Arizona license, his residential address was listed as Tennessee. Further, Salas had a non-extraditable weapons warrant in California. *Id.* at p. 5. Duane returned to the Jeep and had the occupants exit so that Leavell could have his dog sniff the exterior of the Jeep and trailer. The dog quickly alerted to the driver's-side door and the underside of the trailer. Mejia-Palacio admitted having "personal use" drugs in the Jeep's passenger area. Police searched the vehicle and found small quantities of suspected cocaine, and arrested both men. The duration of the stop was twelve to fourteen minutes. *Id.*

Officers suspected that additional narcotics were located in the axle of the trailer. This belief was based on corroborating information obtained during the ongoing narcotics

investigation, as well as the drug dog's alert on the under-side trailer during the traffic stop. [Record No. 41, p. 6]  Detective Hector Alcala applied for warrant to search the Jeep and trailer.  [Record No. 30-2]  In support, Alcala reported that the dog alerted for the presence of narcotics and "showed much interest on the trailer area of the vehicle."  *Id.* at p. 2.  Judge Bouvier of the Fayette District Court issued a warrant on May 18, 2017.  Thereafter, officers drilled into the trailer's axle and recovered six kilos of cocaine.

The defendants moved to suppress the fruits of the search, arguing that the traffic stop was not based on reasonable suspicion, that the stop was prolonged unreasonably, and that the search warrant was not supported by probable cause.  [Record Nos. 18-1; 20-1]  The magistrate judge concluded that these arguments were without merit.  To the extent that the defendants have raised objections, the Court will review the magistrate judge's determinations *de novo*. *See* 28 U.S.C. § 636(b)(1)(B).

## II.

This is *not* a close case.

Hearing testimony established that Officer Duane stopped the defendants' vehicle based on his observation that traffic violations had been committed.  This constitutes probable cause to make the traffic stop.  *See United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008). Further, Trooper Leavell and his drug detection dog were on the scene when the traffic stop was initiated and the stop was not unreasonably prolonged.  *See Illinois v. Caballes*, 543 U.S. 405 (2005).  "[W]hen a police officer makes a traffic stop and has at his immediate disposal the canine resources to employ this uniquely limited investigation procedure, it does not violate the Fourth Amendment to require that the offending motorist's detention be momentarily

extended for a canine sniff of the vehicle's exterior." *United States v. $404,905.00 in United States Currency*, 182 F.3d 643, 649 (8th Cir. 1999).

The dog's positive alert to the underside of the trailer was sufficient to establish probable cause for the presence of a controlled substance. *See United States v. Diaz*, 25 F.3d 392, 393-94 (6th Cir. 1994). The affidavit in support of the search warrant described the circumstances surrounding the traffic stop, the dog's alert to the Jeep and trailer, and the dog's certification. [Record No. 30-2] Accordingly, the search warrant for the trailer was supported by probable cause.

The defendants have failed to identify any grounds upon which the evidence should be suppressed. In his objections to the Magistrate Judge's Report and Recommendation, Mejia-Palacio complains that officers searched his trailer prior to obtaining a search warrant. However, the drug detection dog's alert to the trailer gave officers probable cause to search the trailer prior to obtaining a warrant. *See Diaz*, 25 F.3d at 394. Likewise, for the reasons outlined above, Defendant Salas's objections are not well-taken. And simply repeating weak arguments does not make them any stronger. Based on the foregoing, it is hereby

**ORDERED** as follows:

1.     The Recommended Disposition of Magistrate Judge Robert E. Wier [Record No. 41] is **ADOPTED** and **INCORPORATED** by reference.

2.     The defendants' objections to the Recommended Disposition [Record Nos. 42 and 45] are **OVERRULED**.

3.     Defendant Hector Salas, Jr.'s motion to suppress [Record No. 18] is **DENIED**.

4.     Defendant Gerardo A. Mejia-Palacio's motion to suppress [Record No. 20] is **DENIED**.

This 11ᵗʰ day of August, 2017.

Signed By:

*__Danny C. Reeves__* DCR

**United States District Judge**